IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.                                     21-CR-48-V

SAMUEL ZITO,

         Defendant.

## PLEA AGREEMENT

The defendant, SAMUEL ZITO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that an agreement existed between two or more persons to commit a controlled substance felony offense;

   b. that the defendant knew of the existence of the agreement;

   c. that the defendant intended to participate in the unlawful agreement; and

   d. that at least 100 kilograms of a mixture or substance containing marijuana was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or before August 2020, and continuing through at least August 7, 2020, the defendant SAMUEL ZITO agreed with Marquies

2

    McTyere, Alexander Schieppati, and others, known and unknown, to possess with intent to distribute, and to distribute, 100 kilograms or more of marijuana.

b. Sometime in August 2020, the defendant and his co-conspirators arranged for a shipment from Canada to be delivered to Freightboy Logistics in Niagara Falls, NY. This shipment contained a quantity of marijuana purchased by the defendant's co-conspirators from the source of supply in Canada intended for distribution in the Niagara Falls and Buffalo, New York areas.

c. Unbeknownst to the defendant and his co-conspirators, the shipment had been intercepted by the United States Customs and Border Protection (CBP) and was searched on August 6, 2020, pursuant to their border search authority. Contained within the shipment was a large quantity of marijuana packaged in vacuum sealed bags. CBP weighed the marijuana which was approximately 600 pounds.

d. The shipment was tracked by law enforcement and a controlled delivery was conducted on August 7, 2020. The defendant directed his co-defendant Schieppati to pick up the shipment and bring it to the Super 8 Motel in Niagara Falls, NY to meet the defendant and his co-defendant McTyere. The defendant, and his co-defendants McTyere and Schieppati were arrested with the shipment of marijuana. Law enforcement recovered $239,850 from a storage facility utilized by McTyere. Law enforcement officers observed that the currency was found in the vicinity of drug packaging materials and was packaged in vacuum sealed bags which is consistent with high level drug trafficking.

e. At least 100 kilograms, but less than 400 kilograms of marijuana is the amount involved in the defendant's relevant conduct encompassed in the Information, which could be readily proven by the government against the defendant.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provides for a base offense level of **24**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.  The government and the defendant agree that the following specific offense characteristic does apply:

    a.  the two-level decrease pursuant to Guidelines § 2D1.1(b)(18) (safety valve).

## ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **22**.

## ACCEPTANCE OF RESPONSIBILITY

9.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (**2**) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (**1**) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **19**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **19** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **30** to **37** months, a fine of **$10,000 to $5,000,000**, and a period of supervised release of **2 to 5** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.     REMOVAL

16.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 20-mj-1115.

19.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## FORFEITURE PROVISION

### (Administrative Forfeiture)

23. As a condition of the plea, the defendant, **SAMUEL ZITO**, acknowledges that the United States Customs and Border Protection/Department of Homeland Security are

proceeding with administrative forfeiture with regard to the assets listed below. The defendant agrees not to contest the pending administrative forfeiture of the below assets and agrees to waive his right, title and interest to any and all of the assets that were administratively forfeited. Those assets include:

**CURRENCY:**

> The sum of two hundred thirty-nine thousand eight hundred fifty dollars, ($239,850) United States currency, seized on or about August 8, 2020 by law enforcement and completed administrative proceedings.

**PROPERTY:**

> One (1) Apple iPhone, seized on or about August 7, 2020 by law enforcement and completed administrative proceedings; and
>
> One (1) Black BLU cellular telephone, seized on or about August 7, 2020 by law enforcement and completed administrative proceedings.

24. The defendant agrees that the property was used in the underlying conduct which forms the basis of this Plea Agreement waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

25. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for administrative forfeiture of the property above survives and shall be given full force and effect.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, SAMUEL ZITO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MISHA A. COULSON
Assistant United States Attorney

Dated: August 12, 2021

I have read this agreement, which consists of pages 1 through 10. I have had a full opportunity to discuss this agreement with my attorney, Barry N. Covert, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SAMUEL ZITO
Defendant

_____
BARRY N. COVERT, ESQ. JUSTIN D. GINTER
Attorney for the Defendant

Dated: August 12, 2021

Dated: August 12, 2021

10